**PHILLIPS DAYES LAW GROUP PC**
**ATTORNEYS AT LAW**
**Suite 1500**
**3101 North Central Avenue**
**Phoenix, Arizona 85012**
**(602) 288-1610**
minute_entries@phillipslaw.com

John L. Collins
Arizona Bar No. 030351
johnc@phillipsdayeslaw.com
TREY DAYES
Arizona Bar No. 020805
treyd@phillipsdayeslaw.com
DAWN SAUER
Arizona Bar No. 030271
dawns@phillipsdayeslaw.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Woods; | Case No.: _____ |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Precise Corporate Staging, L.L.C., an Arizona limited liability company; and David Stern and Marla Stern, husband and wife; | **JURY DEMAND** |
| Defendants. | |

Plaintiff Michael Woods, by and through John L. Collins, Trey Dayes, and Dawn

M. Sauer, of and for the PHILLIPS DAYES LAW GROUP PC, for his Complaint against

Defendants Precise Corporate Staging, L.L.C., and David Stern and Marla Stern, avers as follows:

## NATURE OF THE CASE

1.      The Fair Labor Standards Act is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. *See* 29 U.S.C. §§ 206(a), 207(a).

2.      Employers must compensate employees for all work that employers permit employees to perform. *See* 29 C.F.R. § 785.11. In such cases, it is the responsibility of employers' management to ensure that work is not performed if management does not desire for such work to be performed. *See* 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. *Id.*

3.      Plaintiff brings this action against Defendants for unlawful failure to pay overtime wages in direct violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA").

4.      For at least two and one-half years prior to the filing of this action, Defendants had a consistent policy and practice of requiring its employees to work well in excess of forty (40) hours per week without paying them time and a half for hours worked over forty (40) hours per week.

5.      For at least two and one-half years prior to the filing of this action, Plaintiff

worked as much as eighty-three hours in excess of forty (40) hours per week and was not paid time and one-half.

6.     Plaintiff seeks to recover unpaid overtime compensation and an equal amount of liquidated damages, including interest thereon, statutory penalties, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

7.     This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

8.     Venue is proper under 28 U.S.C. § 1391(b) because Defendants reside within the State in which this District Court is located and because a substantial part of the events or omissions giving rise to this matter occurred in this District.

## PARTIES

9.     At all times material hereto, Plaintiff Michael Woods was and continues to be a resident of the State of Arizona.

10.   On information and belief, at all times material hereto, Defendant Precise Corporate Staging, L.L.C. (herein as "PCS") was and continues to be an entity organized under the law of the State of Arizona, doing business in Maricopa County, Arizona, and is subject to the jurisdiction of this Court.

11.   On information and belief, at all times material hereto, Defendants David Stern and Marla Stern each were and continue to be residents of Maricopa County, Arizona, and each is subject to the jurisdiction of this Court.

12.    On information and belief, Defendants David Stern and Marla Stern are husband and wife and engaged in conduct complained of herein for the benefit of the marital estate, for which the marital estate is liable.

13.    On information and belief, Defendant D. Stern made all managerial and operational decisions on behalf of the business.

14.    At all relevant times, Plaintiff was an "employee" of Defendants, as defined by 29 U.S.C. § 203(e)(1).

15.    The provisions set forth in 29 U.S.C. § 207 of the FLSA apply to Defendants.

16.    At all relevant times, each of the Defendants was and continues to be an "employer" as defined in 29 U.S.C. § 203(d).

17.    Each of the Defendants should be deemed an "employer" for purposes of the FLSA including, without limitation, 29 U.S.C. § 216.

18.    All Defendants are co-equally liable for all matters.

19.    At all times material to this action, each of the Defendants was and continues to be an "enterprise engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1).

20.    On information and belief, at all relevant times, the annual gross revenue of Defendants exceeded, and continues to exceed, $500,000.00.

## FACTUAL BACKGROUND

21.    Plaintiff has worked for decades in the sale and production of events and productions, involving sound and lighting equipment.

22.   In March 2011, Plaintiff began working for Defendants providing sales and production of shows and productions on behalf of Defendants.

23.   Plaintiff's duties consisted mostly of sales and manual labor duties in pulling, loading, hauling, setting up, operating, tearing down, and checking in equipment for various shows, prepping equipment for shows, including wiring and assembling amplifier racks, programming consoles, programming speaker management systems, stacking and rolling cases from the prep are to the truck, rigging speaker systems, running cables and microphones, placing microphone stands, wiring power systems, installing and wiring up audio consoles at the front of house and monitors, and performing sound checks.

24.   Defendants agreed to pay Plaintiff at the rate of $65,000.00 per year plus a commission of 8%.

25.   In his initial interview with Defendants, Plaintiff asked Defendants about their overtime compensation policy. Defendants responded that they did not pay overtime compensation but, instead, gave "comp time," which Defendants described as one hour of paid time off for each hour of overtime worked.

26.   Defendants failed to provide the time off promised for Plaintiff's overtime hours worked. Defendants provided no overtime compensation to Plaintiff, no matter the form.

27.   In November 2011, Defendants promoted Plaintiff and gave him the title "President of Entertainment Division" and was promised compensation in the amount of $85,000.00 per year.

28.   However, Defendants told Plaintiff that his job title meant nothing, and his job duties continued to have the same emphasis on and requirement of manual labor.

29.   In March 2013, Defendants raised Plaintiff's wage to $2,000.00 per week. However, all of Plaintiff's duties remained the same and largely consisted of manual labor.

30.   In August 2013, Defendants attempted to make Plaintiff a supervisor of two employees. However, the supervision duties were a ruse designed to bring Plaintiff out of the overtime requirements of the FLSA. Specifically, Defendants required the employees allegedly supervised by Plaintiff to report to another employee, over whom Plaintiff had no authority.

31.   Plaintiff had no real supervision or management responsibilities.

32.   Plaintiff could neither hire nor fire employees.

33.   Plaintiff had no authority to exercise significant independent judgment on issues that affect the whole company when carrying out his job responsibilities.

34.   Defendants managed, supervised, and directed all aspects of Plaintiff's job duties and responsibilities.

35.   Plaintiff has retained the law firm of Phillips Dayes Law Group PC to prosecute his claims against Defendants on his behalf and has agreed to pay reasonable costs and attorney's fees in the prosecution of this matter.

**COUNT ONE**
**OVERTIME VIOLATION—29 U.S.C. § 207**

36.   Plaintiff incorporates and adopts paragraphs 1 through 36 above as if fully set forth herein.

37.   While employed by Defendants, Plaintiff regularly worked multiple hours of overtime per week.

38.   Plaintiff was a non-exempt employee.

39.   Defendants have intentionally and willfully failed and refused to pay Plaintiff overtime according to the provisions of the FLSA.

40.   On information and belief, Defendants further engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff in accordance with 29 U.S.C. § 207.

41.   As the direct and proximate result of Defendants' violations of the FLSA, Plaintiff has suffered damages by failing to receive compensation in accordance with 29 U.S.C. § 207.

42.   Pursuant to 29 U.S.C. § 216, Defendants are liable to Plaintiff for an amount equal to one and one-half times his regular pay rate for each hour of overtime worked per week.

43.   In addition to the amount of unpaid wages owed to Plaintiff, he is also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

44.   On information and belief, Defendants' conduct in failing to properly compensate Plaintiff, in violation of the FLSA, was willful.

45.   Defendants have not made a good faith effort to comply with the FLSA.

Plaintiff has been required to bring this action to recover his overtime compensation, and his statutory liquidated damages, and as the direct and foreseeable result of Defendants' conduct, Plaintiff has incurred costs and attorneys' fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

a. Awarding Plaintiff overtime compensation in the amount due for all of his time worked in excess of forty (40) hours per week at a pay rate equal to one and one-half times Plaintiff's regular rate of pay while at work for Defendants, in an amount proved at trial;

b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

c. Awarding Plaintiff reasonable attorneys' fees, costs, and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

d. Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts awarded under subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

e. Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

f. For such other and further relief as the Court deems just and proper.

**COUNT TWO**
**DECLARATORY JUDGMENT**

46.   Plaintiff incorporates and adopts paragraphs 1 through 45 above as if fully set forth herein.

47.   Plaintiff and Defendants have an overtime compensation dispute pending.

48.   The Court has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02.

49.   Plaintiff is entitled to declarations, and requests that the Court make declarations as to the following matters and as to other matters deemed appropriate by the Court:

    a.   Defendants employed Plaintiff.

    b.   Defendants are engaged in an enterprise covered by the overtime provisions of the FLSA.

    c.   Plaintiff individually is covered by the overtime provisions of the FLSA.

    d.   Plaintiff was not an exempt employee pursuant to the FLSA.

    e.   Defendants failed and refused to make payments of overtime compensation to Plaintiff, in violation of the provisions of the FLSA.

    f.   Defendants' failures to pay overtime compensation to Plaintiff were willful.

    g.   Plaintiff is entitled to damages in the amount of overtime compensation not paid by Defendants at the rate of one and one-half times Plaintiff's regular rate of pay.

    h.   Plaintiff is entitled to an equal amount as liquidated damages.

i.   Plaintiff is entitled to recover his costs and a reasonable attorney's fee incurred in prosecuting his claim.

50.   It is in the public interest to have these declarations of rights recorded as Plaintiff's declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the FLSA.

51.   The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

a.   Declaring, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, that the acts and practices complained of herein are in violation of the overtime and wage provisions of the FLSA;

b.   Awarding Plaintiff his reasonable attorney's fees and the costs and expenses of the litigation pursuant to the FLSA; and

c.   For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff and all similarly situated employees hereby request that, upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated: November 25, 2013

Respectfully submitted,

**PHILLIPS DAYES LAW GROUP PC**

By: /s/ John L. Collins
       John L. Collins
       Arizona Bar No. 030351
       johnc@phillipsdayeslaw.com
       Attorney for Plaintiffs